Liu v. Sessions

BIA
Poczter, IJ
A205 614 781

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

JIA LIU,
*Petitioner,*

v.                                              16-59
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Brian P. Fredericks, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; M.
                       Jocelyn Lopez Wright, Senior
                       Litigation Counsel; Anthony J.
                       Messuri, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Liu, a native and citizen of the People's Republic of China, seeks review of a December 9, 2015, decision of the BIA affirming an April 8, 2014, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Liu,* No. A 205 614 781 (B.I.A. Dec. 9, 2015), *aff'g* No. A 205 614 781 (Immig. Ct. N.Y. City Apr. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009); *Cao v. Gonzales*, 421 F.3d 149, 156-57 (2d Cir. 2005).

The agency primarily denied relief on credibility grounds. The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such

2

statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements . . . ."  8 U.S.C. § 1158(b)(1)(B)(iii); *Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Here, the IJ's adverse credibility determination is supported by substantial evidence.

Liu's omission of his alleged detention and beating from his asylum application and direct examination testimony provides sufficient support for the agency's conclusion that he was not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam) (concluding that a material inconsistency regarding an aspect of a claim that serves as an example of the persecution from which an applicant seeks asylum affords substantial evidence in support of an adverse credibility finding); *Lin*, 534 F.3d at 166 n.3 (holding that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").  Liu's allegation on cross-examination that he was hit with batons, detained, and starved was his sole allegation of physical harm.  Liu's written statement reported only that he was fired and threatened with prosecution.  The agency was not required to accept Liu's explanation that all threats were tantamount to being hit and

3

detained.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that, on appeal, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).  The IJ's adverse credibility determination is bolstered by Liu's failure to submit any corroborative evidence of his employment or his detention and beating.  *See Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

We find no error in the agency's alternative conclusion that Liu did not demonstrate an objectively reasonable fear of future persecution in China on account of his religion.  He did not prove that Chinese officials were aware or would become aware of his Christianity.  *See Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).  In addition, record evidence showed that millions of Christians in China practice in unregistered churches and that in some areas, authorities did not interfere with that practice.  Moreover, the reports do not

4

reveal any incidents of detention or mistreatment of underground church members or proselytizers in Liu's home province.  *See Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169-70 (2d Cir. 2008) (finding no error in BIA's evidentiary framework requiring applicant to demonstrate that similarly situated individuals face persecution in his or her local area when enforcement varies by region); *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (denying petition where agency considered background materials and rejected pattern or practice claim because violence was localized, not countrywide).

Finally, the BIA did not abuse its discretion in denying Liu's motion to remand.  Liu did not comply with the procedural requirements for raising an ineffective assistance of counsel claim.  *Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) (requiring substantial compliance with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988)).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5